

FILED

E-FILING

ADR

1

**BOHN & BOHN LLP**
ROBERT H. BOHN, ESQ. - State Bar #36283
152 N. Third Street, Suite 200
San Jose, California 95112
Telephone: (408) 279-4222
Fax No.: (408) 295-2222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**C08 01873 RS**

MICHAEL CRAIG,

        Plaintiff,

v.

ADSPACE NETWORKS, INC., a corporation,

        Defendants.

Case No.

**COMPLAINT FOR DAMAGES FOR GENDER DISCRIMINATION; FAILURE TO PREVENT DISCRIMINATION; WRONGFUL TERMINATION; AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND DEMAND FOR TRIAL BY JURY**

Plaintiff MICHAEL CRAIG complains of Defendant ADSPACE NETWORKS, INC., a corporation and alleges:

This matter is proper to this court pursuant to 28 U.S.C. §1332 because there is a complete diversity of citizenship between the parties and the amount in controversy exceeds the minimum amount required under 28 U.S.C. §1332. This is the proper venue for this action in that the contract and acts alleged occurred within the Northern District of California.

### FACTS COMMON TO ALL COUNTS

1.     Plaintiff MICHAEL CRAIG, hereinafter referred to as Plaintiff, at all relevant times was, and is, a resident of the County of Santa Cruz, State of California.

2.     Defendant ADSPACE NETWORKS, INC., hereinafter referred to as Defendant, at all relevant times was, and is, a corporation incorporated in the State of Delaware and doing business in the State of California and elsewhere.

Craig v. AdSpace Networks, Inc.
Complaint

1

3.      On or about January 9, 2006, Plaintiff entered into an employment relationship with Defendant to work as a Regional Sales Manager. During the course of said employment with Defendant, Plaintiff performed all his duties in an exemplary manner, was always professional, courteous, prompt, prepared, and responsive to her job, and was repeatedly told by his supervisors that he was meeting or exceeding the expectations and requirements of his job.  By way of verbal communications, awards, raises, and good performance appraisals, Plaintiff was led to believe that his employment was appreciated and that he would be employed indefinitely and given responsibilities commensurate with Plaintiff's capacities so long as he continued to perform well on the job.

4.      By email on August 20, 2007, Defendant informed Plaintiff that his employment had been terminated effective the same date.

## FIRST COUNT

### (Gender Discrimination)

Plaintiff complains of Defendant ADSPACE NETWORKS, INC. and for the First Count alleges:

5.      Plaintiff hereby incorporates by reference Paragraphs 1 through 4, and realleges the same as though set forth in full herein.

6.      Defendant in violation of public policy against employment discrimination based on gender, pursued a course of conduct of discrimination against Plaintiff. Plaintiff consistently met or exceeded all goals set by Defendant but received warnings, while female co-workers who did not meet their assigned goals were not disciplined or warned  and eventually terminated Plaintiff's employment on August 20, 2007. At the time of his termination, Plaintiff was the only male regional sales manager employed by Defendant.

7.      On or about September 6, 2007, Plaintiff filed a claim against Defendant ADSPACE NETWORKS, INC. with the California Department of Fair Employment and Housing (hereinafter referred to as the "DFEH") alleging gender discrimination by Defendant.  A true and correct copy of Plaintiff's DFEH claim against Defendant ADSPACE NETWORKS, INC. is attached hereto, and incorporated herein by reference, as Exhibit "A." Plaintiff received his "Right-to-Sue" letter on or about September 14, 2007, a copy of which is attached hereto, and incorporated herein by reference, as Exhibit

Craig v. AdSpace Networks, Inc.
Complaint

2

"B."

8.      Defendant's gender discrimination of Plaintiff was carried out in violation of the public policy against gender discrimination, as set forth in the California Fair Employment and Housing Act, codified at Government Code, § 12940, *et seq.*

9.      As a direct and proximate result of Defendant's gender discrimination of Plaintiff in violation of public policy, Plaintiff has been specially damaged by loss of salary, commissions, bonuses, stock options and other benefits, counseling expenses and pre-judgment interest in amounts presently unascertained, but in an amount in excess of the jurisdictional limits of this court. Plaintiff further claims damages by way of double back pay, interest, and attorney's fees pursuant to California Government Code § 12653. Plaintiff hereby reserves the right to submit such special damages as they are incurred or ascertained.

10.      As a direct and proximate result of Defendant's gender discrimination of Plaintiff, in violation of public policy, Plaintiff has been humiliated, embarrassed, and caused to suffer great mental and emotional distress, and has been generally damaged in amounts presently unascertained, and Plaintiff hereby reserves the right to allege such general damages as they are incurred or ascertained.

11.      Defendant's conduct, as aforesaid, was willful, malicious, oppressive, and done with conscious and reckless disregard of the rights of Plaintiff, and by way of punishment and example and to prevent future similar treatment of other employees, Plaintiff prays that punitive damages be assessed against Defendant pursuant to Civil Code § 3294.

## SECOND COUNT

### (Failure to Prevent Discrimination)

Plaintiff complains of Defendant ADSPACE NETWORKS, INC. and for the Second Count alleges:

12.      Plaintiff hereby incorporates by reference Paragraphs 1 through 4 and Paragraphs 6 through 8 of the First Count, and realleges the same as though set forth in full herein.

13.      At all times herein mentioned, Defendant failed to take all reasonable measures to prevent and protect Plaintiff against gender discrimination. Defendant failed to adopt, implement, distribute or follow any policies or procedures designed to prevent or discourage such discrimination. Defendant

Craig v. AdSpace Networks, Inc.
Complaint

3

1  further failed to properly investigate complaints of discrimination and failed to discipline any employees

2  responsible for engaging in such discrimination.

3      14.    Defendant's failure to take reasonable measures to prevent gender discrimination was

4  carried out in violation of the public policy requiring employers to take reasonable measures to protect

5  employees from such discrimination, as set forth in the California Fair Employment and Housing Act,

6  codified at Government Code, § 12940, *et seq.*

7      15.    On or about September 6, 2007, Plaintiff filed a claim against Defendant ADSPACE

8  NETWORKS, INC. with the California Department of Fair Employment and Housing (hereinafter

9  referred to as the "DFEH") alleging gender discrimination by Defendant. A true and correct copy of

10 Plaintiff's DFEH claim against Defendant ADSPACE NETWORKS, INC. is attached hereto, and

11 incorporated herein by reference, as Exhibit "A." Plaintiff received his "Right-to-Sue" letter on or about

12 September 14, 2007, a copy of which is attached hereto, and incorporated herein by reference, as Exhibit

13 "B."

14      16.    As a direct and proximate result of Defendant's failure to prevent gender discrimination

15 of Plaintiff in violation of public policy, Plaintiff has been specially damaged by loss of salary,

16 commissions, bonuses, stock options and other benefits, counseling expenses and pre-judgment interest

17 in amounts presently unascertained, but in an amount in excess of the jurisdictional limits of this court.

18 Plaintiff further claims damages by way of double back pay, interest, and attorney's fees pursuant to

19 California Government Code § 12653. Plaintiff hereby reserves the right to submit such special damages

20 as they are incurred or ascertained.

21      17.    As a direct and proximate result of Defendant's failure to prevent gender discrimination

22 of Plaintiff, in violation of public policy, Plaintiff has been humiliated, embarrassed, and caused to suffer

23 great mental and emotional distress, and has been generally damaged in amounts presently unascertained,

24 and Plaintiff hereby reserves the right to allege such general damages as they are incurred or ascertained.

25      18.    Defendant's conduct was deliberate, willful, fraudulent, malicious, oppressive,

26 despicable, and in conscious and reckless disregard of the rights of Plaintiff, and by way of punishment

27 and example and to prevent future similar treatment of other employees, Plaintiff prays that punitive

28 damages be assessed against the defendants pursuant to Civil Code § 3294.

Craig v. AdSpace Networks, Inc.
Complaint                                                                                    4

### THIRD COUNT

#### (Wrongful Termination)

Plaintiff complains of Defendant ADSPACE NETWORKS, INC. and for the Third Count alleges:

19.    Plaintiff hereby incorporates by reference Paragraphs 1 through 4, Paragraphs 6 through 8 of the First Count, Paragraphs 13 through 15 of the Second Count, and realleges the same as though set forth in full herein.

20.    On or about August 20, 2007, Defendant terminated Plaintiff's employment. Defendant's termination of Plaintiff was carried out in violation of the public policies against terminating or discriminating against employees based on gender, as set forth in the California Fair Employment and Housing Act, codified at Government Code, section 12940, *et seq.*

21.    On or about September 6, 2007, Plaintiff filed a claim against Defendant ADSPACE NETWORKS, INC. with the California Department of Fair Employment and Housing (hereinafter referred to as the "DFEH") alleging wrongful termination by Defendant. A true and correct copy of Plaintiff's DFEH claim against Defendant ADSPACE NETWORKS, INC. is attached hereto, and incorporated herein by reference, as Exhibit "A." Plaintiff received his "Right-to-Sue" letter on or about September 14, 2007, a copy of which is attached hereto, and incorporated herein by reference, as Exhibit "B."

22.    As a direct and proximate result of Defendant's termination of Plaintiff in violation of public policy, Plaintiff has been specially damaged by loss of salary, commissions, bonuses, stock options and other benefits, counseling expenses and pre-judgment interest in amounts presently unascertained, but in an amount in excess of the jurisdictional limits of this court. Plaintiff further claims damages by way of double back pay, interest, and attorney's fees pursuant to California Government Code § 12653. Plaintiff hereby reserves the right to submit such special damages as they are incurred or ascertained.

23.    As a direct and proximate result of Defendant's termination of Plaintiff, in violation of public policy, Plaintiff has been humiliated, embarrassed, and caused to suffer great mental and emotional distress, and has been generally damaged in amounts presently unascertained, and Plaintiff

1  hereby reserves the right to allege such general damages as they are incurred or ascertained.

2      24.    Defendant's conduct was deliberate, willful, fraudulent, malicious, oppressive,

3  despicable, and in conscious and reckless disregard of the rights of Plaintiff, and by way of punishment

4  and example and to prevent future similar treatment of other employees, Plaintiff prays that punitive

5  damages be assessed against the defendants pursuant to Civil Code § 3294.

6                              **FOURTH COUNT**

7                   **(Intentional Infliction of Emotional Distress)**

8      Plaintiff complains of Defendant  ADSPACE NETWORKS, INC. and for the Third Count

9  alleges:

10     25.    Plaintiff hereby incorporates by reference Paragraphs 1 through 4, Paragraphs 6

11  through 8 of the First Count, Paragraphs 13 through 15 of the Second Count, Paragraph 20 of the Third

12  Count and realleges the same as though set forth in full herein.

13     26.    The aforementioned gender discrimination, failure to prevent discrimination and

14  subsequent wrongful termination of Plaintiff's employment, Defendant ADSPACE NETWORKS, INC.

15  engaged in extreme, outrageous, and unprivileged conduct against Plaintiff with the intent to cause

16  Plaintiff severe emotional distress. Defendant ADSPACE NETWORKS, INC. further engaged in the

17  aforementioned conduct with a reckless disregard of the probability such conduct would cause Plaintiff

18  to suffer severe emotional distress.

19     27.    As a direct and proximate result of Defendants' intentional infliction of emotional

20  distress, Plaintiff has been specially damaged by way of incurring counseling expenses in amounts

21  presently unascertained but in excess of the jurisdictional limits of this court.  Plaintiff reserves the right

22  to submit such damages as they are incurred or ascertained.

23     28.    As a direct and proximate result of Defendants' intentional infliction of emotional

24  distress, Plaintiff has been humiliated, embarrassed, and caused to suffer great mental and emotional

25  distress, and has been generally damaged in amounts presently unascertained, and Plaintiff hereby

26  reserves the right to allege such general damages as they are incurred or ascertained.

27     29.    Defendant's conduct was deliberate, willful, fraudulent, malicious, oppressive,

28  despicable, and in conscious and reckless disregard of the rights of Plaintiff, and by way of punishment

Craig v. AdSpace Networks, Inc.
Complaint
                                                                                  6

1  and example and to prevent future similar treatment of other employees, Plaintiff prays that punitive

2  damages be assessed against the defendants pursuant to Civil Code § 3294.

3

4  DATED: April 7, 2008

BOHN & BOHN LLP

By:_____
ROBERT H. BOHN, ESQ.
Attorneys for Plaintiff
MICHAEL CRAIG

9      Plaintiff hereby demands trial by jury.

11  DATED: April 7, 2008

BOHN & BOHN LLP

By:_____
ROBERT H. BOHN, ESQ.
Attorneys for Plaintiff
MICHAEL CRAIG

Craig v. AdSpace Networks, Inc.
Complaint

7

EXHIBIT A

# * * * EMPLOYMENT * * *

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # __E-200708-G-0287-00-sc__

DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Michael Craig

TELEPHONE NUMBER (INCLUDE AREA CODE)
xxx

ADDRESS
108 Heather Court

CITY/STATE/ZIP
Santa Cruz, CA 95065

COUNTY Santa Cruz    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Adspace Networks, Inc.

TELEPHONE NUMBER (Include Area Code)
646-367-5300

ADDRESS
122 East 42nd Street

DFEH USE ONLY

CITY/STATE/ZIP
New York, NY 10168

COUNTY Santa Clara    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (If known)
more than 5

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  8/21/07

RESPONDENT CODE

THE PARTICULARS ARE:

On __8/21/07__  I was  [X] fired
___ laid off
___ demoted
___ harassed
___ genetic characteristics testing
___ forced to quit

___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
___ impermissible non-job-related inquiry
___ other (specify)

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by __xxxx L. Jeff Jensen, President__
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my:  [X] sex
___ age
___ religion
___ race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

___ physical disability
___ mental disability

___ other (specify)

___ cancer
___ genetic characteristic

_____ (Circle one) filing;
Protesting; participating in
Investigation (retaliation for)

the reason given by _____
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

I was fired because of my gender. I was the last male xx regional sales manager in the company, and was terminated to accommodate xxxx the company's preference for young attractive females

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated __August 25, 2007__

At __Santa Cruz, CA__
City

COMPLAINANT'S SIGNATURE

RECEIVED

SEP - 6 2007

# EXHIBIT B

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

ARNOLD SCHWARZENEGGER, Governor

2570 North 1st Street, Suite 480, San Jose, CA 95131
(408) 325-0344  TTY (800) 700-2320  Fax (408) 325-0339
www.dfeh.ca.gov



September 14, 2007


Douglas C. Kane
Attorney At Law
LAW OFFICE OF DOUGLAS KANE
121 Jewell Street
Santa Cruz, CA 95060


RE:   E200708G0287-00-sc
      CRAIG/ADSPACE NETWORKS, INC.

Dear Douglas C. Kane:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 6, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Marlene Massetti* (signature)

Marlene Massetti
District Administrator


cc:   Case File


L. JEFF JENSEN
PRESIDENT
ADSPACE NETWORKS, INC.
122 EAST 42ND STREET
NEW YORK, NY 10168

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAEL CRAIG

**DEFENDANTS**

ADSPACE NETWORKS, INC., a corporation

**(b)** County of Residence of First Listed Plaintiff  Santa Cruz County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert H. Bohn
BOHN & BOHN LLP
152 N. Third Street, Suite 200
San Jose, CA 95112

Attorneys (If Known)

## C08 01873 RS



## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
California Government Code §12940, et seq.
Brief description of cause:
Gender discrimination, failure to prevent discrimination, wrongful termination & intentional infliction of emotional distress

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ excess of jurisdiction

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Non-applicable.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE
April 7, 2008

SIGNATURE OF ATTORNEY OF RECORD