```
Robert D. Vogel (Bar No. 063091))
Angela M. Duerden (State Bar No. 211443)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
Email: Vogelr@jacksonlewis
Email: DuerdenA@jacksonlewis.com

Attorneys for Defendant
ADSPACE NETWORKS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL CRAIG<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADSPACE NETWORKS, INC., a corporation<br><br>　　　　Defendants. | **CASE NO.:   C08 01873RS**<br><br>**DEFENDANT ADSPACE NETWORK, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   April 8, 2008 |

　　　　Defendant ADSPACE NETWORKS, INC., ("Defendant"), for itself alone and no others, answers Plaintiff's Complaint for Damages ("Complaint") as follows:

　　　　1.　　In answer to paragraph one of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis generally denies such allegations.

　　　　2.　　In answer to paragraph two of the Complaint, Defendant admits the allegations contained therein.

　　　　3.　　In answer to paragraph three of the Complaint, Defendant denies the allegations contained therein, except that Defendant admits that Plaintiff entered into an at-will employment relationship with Defendant on or about January 9, 2006.

4.    In answer to paragraph four of the Complaint, Defendant admits the allegations contained therein.

## FIRST COUNT

5.    In answer to paragraph five of the Complaint, Defendant incorporates by reference paragraphs one through four, inclusive, as though set forth herein in full.

6.    In answer to paragraph six of the Complaint, Defendant denies the allegations contained therein.

7.    In answer to paragraph seven of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis generally denies such allegations.

8.    In answer to paragraph eight of the Complaint, Defendant denies the allegations contained therein.

9.    In answer to paragraph nine of the Complaint, Defendant denies the allegations contained therein.

10.    In answer to paragraph ten of the Complaint, Defendant denies the allegations contained therein.

11.    In answer to paragraph eleven of the Complaint, Defendant denies the allegations contained therein.

## SECOND COUNT

12.    In answer to paragraph twelve of the Complaint, Defendant incorporates by reference paragraphs one through four and paragraphs six through eight, inclusive, as though set forth herein in full.

13.    In answer to paragraph thirteen of the Complaint, Defendant denies the allegations contained therein.

14.    In answer to paragraph fourteen of the Complaint, Defendant denies the allegations contained therein.

15. In answer to paragraph fifteen of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis generally denies such allegations.

16. In answer to paragraph sixteen of the Complaint, Defendant denies the allegations contained therein.

17. In answer to paragraph seventeen of the Complaint, Defendant denies the allegations contained therein.

18. In answer to paragraph eighteen of the Complaint, Defendant denies the allegations contained therein.

## THIRD COUNT

19. In answer to paragraph nineteen of the Complaint, Defendant incorporates by reference paragraphs one through four, paragraphs six through eight, and paragraphs thirteen through fifteen, inclusive, as though set forth herein in full.

20. In answer to paragraph twenty of the Complaint, Defendant denies the allegations contained therein, except that Defendant admits that Defendant terminated Plaintiff's employment on or about August 20, 2007.

21. In answer to paragraph twenty-one of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis generally denies such allegations.

22. In answer to paragraph twenty-two of the Complaint, Defendant denies the allegations contained therein.

23. In answer to paragraph twenty-three of the Complaint, Defendant denies the allegations contained therein.

24. In answer to paragraph twenty-four of the Complaint, Defendant denies the allegations contained therein.

## FOURTH COUNT

25. In answer to paragraph twenty-five of the Complaint, Defendant incorporates by reference paragraphs one through four, paragraphs six through eight,

paragraphs thirteen through fifteen, and paragraph twenty, inclusive, as though set forth herein in full.

26. In answer to paragraph twenty-six of the Complaint, Defendant denies the allegations contained therein.

27. In answer to paragraph twenty-seven of the Complaint, Defendant denies the allegations contained therein.

28. In answer to paragraph twenty-eight of the Complaint, Defendant denies the allegations contained therein.

29. In answer to paragraph twenty-nine of the Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

30. Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's Complaint, and each purported cause of action therein, is barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint, and each purported cause of action therein, is barred by the equitable doctrines of estoppel, waiver and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to *California Code of Civil Procedure* §§ 335.1, 338, 340 and *California Government Code* §§ 12940 et seq.

## FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff's Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff failed to exhaust his administrative remedies under *California Government Code* §12965(b).

## SIXTH AFFIRMATIVE DEFENSE

35. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Defendant's conduct was at all times privileged, undertaken in good faith and/or justified under California law and for legitimate business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

36. All of Defendant's employment decisions concerning Plaintiff were made for legitimate, non-discriminatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

37. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decision toward Plaintiff, Defendant would have made the same employment decision toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

## NINTH AFFIRMATIVE DEFENSE

38. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

39. Any and all conduct of which Plaintiff complains and which is attributed to Defendant's agents or employees, was a just and proper exercise of management's discretion on the part of Defendant, or its agents or employees, and was undertaken for a fair and honest reason and regulated by good faith and probable cause under circumstances existing at the time.

### ELEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred because the purported conduct by Defendant did not affect the terms and conditions of his employment.

### TWELFTH AFFIRMATIVE DEFENSE

41. Prior to Plaintiff's Complaint, Defendant was unaware of conduct described in the Complaint and has not ratified, condoned or adopted any such alleged unlawful conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because, assuming *arguendo*, that Defendant knew or should have known Plaintiff was subjected to unlawful discrimination, Defendant took immediate and appropriate corrective action.

### FOURTEENTH AFFIRMATIVE DEFENSE

43. Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for their alleged economic damages and non-economic damages under the common law doctrine of offset and doctrine prohibiting double recovery set forth under *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### FIFTEENTH AFFIRMATIVE DEFENSE

44. Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of his failure to have exercised reasonable diligence to mitigate his alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

45. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff's term of employment was for an unspecified duration and therefore terminable at will, with or without cause, pursuant to *California Labor Code* § 2922.

### SEVENTEENTH AFFIRMATIVE DEFENSE

46. If it is found that Plaintiff's employment was not terminable at will, the decision to terminate Plaintiff was made in good faith and for good cause.

### EIGHTEENTH AFFIRMATIVE DEFENSE

47. Each and every alleged act of Defendant was not outrageous, intentional or reckless and Plaintiff has not suffered severe emotional distress, or any at all, as a result of Defendant's alleged conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

48. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because no employee of Defendant engaged in any extreme and/or outrageous conduct in their association with and/or treatment of Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

49. Although Defendant denies it has committed or has responsibility for any act that could support the recovery of damages in this lawsuit, if any, to the extent Plaintiff was discriminated against based on sex or any other alleged unlawful basis in violation of California's Fair Housing and Employment Act, Plaintiff is barred from recovering any damages under the avoidable consequences doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination, and Plaintiff unreasonably failed to utilize Defendant's preventive and corrective measures and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. *See State Dept. of Health Serv. v. Sup. Ct. of Sac. County* (2003) 31 Cal.4th 1026.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

50. Plaintiff's Complaint in its entirety or any purported cause of action therein fails to state facts sufficient to constitute any cause of action sounding in tort or otherwise entitling Plaintiff to recover punitive damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

51. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

52. Plaintiff's claim for exemplary and punitive damages is barred because Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of *California Civil Code* §3294.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

53. Although Defendant denies it has committed or has responsibility for any act that could support the recovery against Defendant in this lawsuit, if any, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

54. Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and, Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to *California Government Code* § 12965 upon judgment thereon in its favor.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

55. To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, *California Labor Code* §3200, et seq.

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff take nothing by reason of his Complaint on file herein;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4. That Defendant recover its costs and attorneys' fees incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: May 5, 2008                    JACKSON LEWIS LLP


By: _____
    Robert D. Vogel
    Angela M. Duerden

Attorneys for Defendant
ADSPACE NETWORKS, INC.