Cynthia L. Filla (Bar No. 184638)
Angela M. Duerden (State Bar No. 211443)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
Email: FillaC@jacksonlewis.com
Email: DuerdenA@jacksonlewis.com

Attorneys for Defendant
ADSPACE NETWORKS, INC.

Robert H. Bohn (Bar No. 36283)
BOHN & BOHN LLP
152 N. Third Street, Suite 200
San Jose, CA 95112
Telephone: (408) 279-4222
Facsimile: (408) 295-2222
Email: bbohn@bohnlaw.com

Attorneys for Plaintiff
MICHAEL CRAIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL CRAIG<br><br>Plaintiff,<br><br>vs.<br><br>ADSPACE NETWORKS, INC., a corporation<br><br>Defendants. | **CASE NO.: C08 01873RS**<br><br>**JOINT CASE MANAGEMENT STATEMENT AND ORDER**<br><br>Complaint Filed: April 8, 2008<br><br>CMC Date: August 6, 2008 |

Pursuant to this Court's Standing Order, Federal Rule of Civil Procedure 16 and Civil Local Rule 16-9, Plaintiff MICHAEL CRAIG ("Plaintiff") and Defendant ADSPACE NETWORKS, INC., ("Defendant") (collectively the "Parties") hereby submit the following Joint Case Management Statement and Proposed Order.

/ / /

1. Jurisdiction and Service:

Jurisdiction is conferred by the provisions of 28 U.S.C. §§ 1332. All parties to the action have been served.

2. Brief Factual Statement of the Case:

(a) Defendant's Statement of the Case: Plaintiff Michael Craig ("Plaintiff") worked as a regional sales manager for the Defendant Adspace Networks, Inc. ("Defendant" or the "Company") from January 9, 2006 through his termination on August 21, 2007. During the course of Plaintiff's employment, Defendant employed three other male regional sales managers. During 2007, Plaintiff failed to meet his sales goals for seven out of the ten months he was employed by Defendant. After numerous counselings and warnings regarding his performance, Defendant terminated Plaintiff's employment on August 21, 2007.

On April 8, 2008, Plaintiff filed the instant lawsuit, alleging the following causes of action (1) Gender Discrimination; (2) Failure to Prevent Discrimination; (3) Wrongful Termination; and (4) Intentional Infliction of Emotional Distress.

(b) Plaintiff's Statement of the Case: Plaintiff, Michael Craig, was a sales manager for the Defendant Adspace Networks, Inc. He was the only male sales manager in the organization. In 2006 Plaintiff was the top salesman in the company. In the second quarter of 2007 he was the only sales manager to make his quota. In July 2007 Plaintiff was told to concentrate on sales to the State of California, which could not execute contracts until the budget was approved on 8/21/07. Defendant's top executives had a strong preference for attractive young women. On 8/21/07 Plaintiff was terminated and replaced by an attractive young woman.

3. Legal Issues:

(a) The Principal Factual Issues which the Parties Dispute:

1. Whether Defendant discriminated against Plaintiff because of his gender or any other protected basis;

2. Whether there existed a non-discriminatory reason for Plaintiff's termination;

3. Whether Plaintiff suffered severe emotional distress;

4. Whether Plaintiff suffered loss of earnings or other damages as result of his termination; and

5. Whether Plaintiff reasonably mitigated any damages.

(b) The Principal Legal Issues which the Parties Dispute:

1. Did Defendant violate California Government Code §12940 *et seq.* by terminating the Plaintiff because of his gender;

2. Whether Plaintiff can competently establish a prima facie case of gender discrimination;

3. Whether gender was a motivating reason for Plaintiff's discharge;

4. Whether Defendant took reasonable steps to prevent gender discrimination;

5. Whether Defendant had a legitimate, non-discriminatory reason for Plaintiff's discharge;

6. Whether Plaintiff was terminated in violation of a fundamental public policy of the State of California that inured to the public at large;

7. Whether Defendant's alleged conduct was deliberate, willful, fraudulent, malicious, oppressive and reckless to constitute the imposition of punitive damages.

8. Whether Defendant's alleged conduct was severe and pervasive to constitute severe emotional distress.

4. Motions:

Defendant anticipates filing a motion for summary judgment and/or for an order declaring what material facts are without substantial controversy pursuant to Rule 56 of the Federal Rules of Civil Procedure after completion of non-expert discovery.

5. Amendment of Pleadings:

No amendment of pleadings is contemplated.

6. Evidence Preservation:

Defendant has taken steps to preserve all evidence, including electronically-stored materials, pertaining to Plaintiff's employment and the termination thereof that is relevant to Plaintiff's claims asserted in this litigation.

7. Disclosures:

The Parties agree they will comply with the disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before August 20, 2008.

8. Discovery:

The Parties met and conferred telephonically on June 21, 2008 pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The Parties agree to conduct discovery in accordance with the limitations and scope set forth in the Federal Rules of Civil Procedure. The Parties have not conducted any discovery to date.

Plaintiff intends to depose 10 of defendant Adspace Networks, Inc.'s former and current employees, including but not limited to, Plaintiff's former managers Jeff Jensen and Bill Allan. Upon completion of the 10 depositions allowed by F.R.C.P. 30(2)(A) Plaintiff will assess whether further depositions are required and seek leave of Court to proceed with any additional depositions. Plaintiff anticipates serving written discovery in August 2008 and commencing depositions in October 2008.

Defendant intends to depose Plaintiff in October 2008 or as soon thereafter as is mutually agreeable. Defendant thereafter anticipates propounding written interrogatories and requests for production of documents, if necessary, after a review of Plaintiff's initial disclosures. Based on Plaintiff's position that he will depose 10 of Defendant's employees, Defendant anticipates filing a motion for protective order limiting such discovery.

(a) Discovery Plan

1. Disclosures: The Parties agree they will comply with the disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before August 20, 2008.

2. Discovery Cut-Off: The Parties propose a discovery cut-off date of 45 days before trial.

3. Plaintiff Requests Discovery on the Following Subjects:

- The last known names and addresses of defendant Adspace Networks, Inc.'s sales personnel.
- Sales numbers for each sales person during 2006 and 2007
- Obtain Plaintiff's personnel file, including but not limited to performance appraisals, commendations, warnings, disciplinary actions and any complaints against Plaintiff.
- Obtain all documents related to Plaintiff's termination.
- Obtain all documents reflecting Plaintiff's payroll records.
- Obtain all documents reflecting benefits offered to or provided to Plaintiff.
- Affirmative Action Reports generated by defendant Adspace Networks, Inc. from 2005 to the current date.
- Obtain all documents reflecting statistics and demographics of defendant Adspace Networks, Inc.'s work force for the years 2005 to the current date.

4. Defendant Requests Discovery on the Following Subjects:

- The facts and circumstances surrounding Plaintiff's claim of gender discrimination;
- The facts and circumstances surrounding Plaintiff's claim of failure to prevent discrimination;

- The facts and circumstances surrounding Plaintiff's claim of wrongful termination in violation of public policy;
- The facts and circumstances surrounding Plaintiff's claim of severe emotional distress;
- Plaintiff's job responsibilities at Defendant;
- Plaintiff's job performance at Defendant;
- Plaintiffs complaints of unfair treatment at Defendant prior to his termination, if any;
- Plaintiff's knowledge of the work performance of other regional sales managers;
- Plaintiff's damages as a result of his termination, if any;
- Plaintiff's attempts to mitigation his damages, if any.

5. Written Discovery and Depositions: The Parties agree to proceed with discovery consistent with the Federal Rules of Civil Procedure. Plaintiff intends to depose 10 of defendant Adspace Networks, Inc.'s former and current employees, including but not limited to, Plaintiff's former managers Jeff Jensen and Bill Allan. Upon completion of the 10 depositions allowed by F.R.C.P. 30(2)(A) Plaintiff will assess whether further depositions are required and seek leave of Court to proceed with any additional depositions. Plaintiff anticipates serving written discovery in August 2008 and commencing depositions in October 2008.

Defendant intends to depose Plaintiff in October 2008 or as soon thereafter as is agreeable to both Parties. Defendant thereafter anticipates propounding interrogatories and requests for production of documents, if necessary, after a review of the initial disclosures.

6. Expert Disclosures and Reports – Rule 26(a)(2): The Parties propose that expert disclosures, including expert reports, be made on May 19, 2009 for such disclosures. Rebuttal disclosures shall be made on June 9, 2009.

7. Supplementations – Rule 26(e): The Parties propose that within fourteen (14) days of learning additional information relevant to Plaintiff's claim, such information be disclosed to the opposing party's counsel.

8. Other Items: None.

9. Class Actions:

This case is not pled as a class action.

10. Related Cases:

To the best of the Parties' knowledge, there are no other pending related cases in any state or federal courts in this any or other jurisdictional district.

11. Relief:

(a) Plaintiff's Position: As a result of defendant Adspace Networks, Inc.'s alleged gender discrimination, failure to prevent discrimination, wrongful termination and intentional infliction of emotional distress Plaintiff seeks special damages consisting of lost wages, commissions, bonuses, other benefits and counseling costs, as well as general damages in amounts presently undetermined. In addition, Plaintiff alleges defendant Adspace Networks, Inc.'s actions were willful, malicious, oppressive, and done with conscious and reckless disregard of the rights of Plaintiff, such that punitive damages should be assessed against defendant.

(b) Defendant's Position: Defendant is not liable on any claim alleged by Plaintiff and is not responsible for any damages sought by Plaintiff.

12. Settlement and ADR:

The Parties have discussed the various alternative dispute resolutions that are available to them. Pursuant to ADR Local Rules 3-5(c), the Parties agree to participate in a Court sponsored mediation. The parties have not discussed Settlement.

13. Consent to Magistrate Judge for All Purposes:

Plaintiff does not consent to the assignment of a Magistrate Judge for all purposes in this case.

14. Other References:

The case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

The Parties were unable to narrow the above factual and legal issues at this time and are not aware of any issues which may be narrowed.

16. Expedited Schedule:

The Parties agree this is not the type of case needed to be handled on an expedited basis.

17. Scheduling:

The Parties agree to the following discovery and pre-trial schedule:

(a) Trial: August 24, 2009

(b) Pre-trial Conference: July 22, 2009

(c) Dispositive Motion Filing Deadline: May 18, 2009

(d) Hearings on Dispositive Motions: June 22, 2009

(e) Non-Dispositive Motion Cut-Off: July 1, 2009

(f) Designation of Expert Witnesses: May 18, 2009

(g) Non-Expert Discovery Cut-Off: 45 days before trial

(h) Expert Discovery Cut-Off: 30 days prior to trial

18. Trial:

This case should be ready for trial by August 24, 2009. The Parties estimate a 4-5 day trial.

19. Disclosure of Non-party Interested Entities or Persons:

As of this date, the Parties are not aware of interested persons or entities to report.

/ / /

/ / /

/ / /

/ / /

20. <u>Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition:</u>

The Parties are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: July 23, 2008

BOHN & BOHN LLP

By: /s/ Robert H. Bohn
Robert H. Bohn

Attorney for Plaintiff
MICHAEL CRAIG

Dated: July 23, 2008

JACKSON LEWIS LLP

By: /s/ Angela M. Duerden
Cynthia L. Filla
Angela M. Duerden

Attorneys for Defendant
ADSPACE NETWORKS, INC.

**ORDER**

Trial: ________________

Pre-trial Conference: ___________________

Hearings on Dispositive Motions: ___________________

Designation of Expert Witnesses: _____________, 2008

Discovery Cut-Off: _________, 2008

**IT IS SO ORDERED.**

**Dated:** ______________

______________________________

**HONORABLE RICHARD SEEBORG**
**MAGISTRATE JUDGE OF THE**
**UNITED STATES DISTRICT COURT**